UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-tp-80004-AMC

UNITED STATES OF AMERICA,

v.

ROBERT KALABA,

      Defendant.
_____/

**GOVERNMENT'S RESPONSE CONSENTING TO DEFENDANT'S MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE**

COMES NOW, the United States of America, by and through the undersigned Assistant United States Attorney, and submits this response consenting to Defendant Robert Kalaba's ("Kalaba") pro se Motion for Early Termination of Supervised Release (the "Instant Motion") (DE 2).

    I.    Conviction and Sentence

According to the U.S. District Court for the Southern District of New York judgment in Case No. 13-CR-00794 (DE 361), Kalaba pled guilty to count 2 of the superseding indictment for participating in a promethazine with codeine conspiracy, in violation of Title 21, United States Code, Section.  The judgment also notes that Kalaba was convicted, at trial, of the following: count 1 narcotics conspiracy, in violation of Title 21, United States Coe, Sections 841(b) and 846; count 3 conspiracy to use invalid registrations number, fraudulently obtain controlled substances, and furnished false information to the DEA, in violation of Title 21, United States Code, Sections 843(a) and 846; and count 4 conspiracy to commit money laundering, in violation of Title 21, United States Code, Section 1956(h).

On January 24, 2017, U.S. District Judge Analisa Torres sentenced Kalaba to 84 months

in prison, to be followed by 3 years of supervised release. In addition, Kalaba was ordered to pay a $325.00 assessment (restitution was not ordered).

Probation confirmed that the defendant was released from custody on March 24, 2022, and began his term of supervised release in the Southern District of New York. On November 15, 2022, the defendant's term of supervised release was transferred to the Southern District of Florida Kalaba is scheduled to terminate his supervised release period on March 23, 2024,

II.   Instant Motion

On or about May 9, 2023, Kalaba filed the pro se Instant Motion. Kabala's motion included an email from Probation Officer, indicating that probation would not oppose the defendant's motion for early termination.

## ARGUMENT

After a defendant has completed one year of supervised release, the Court may terminate the term of supervised release if "such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). In reviewing such a motion, this Court is required to consider certain factors in 18 U.S.C. § 3553(a), including the nature and circumstances of the offense and the history and characteristics of the defendant; the need for the sentence imposed to afford adequate deterrence to criminal conduct; and the need for the sentence imposed to protect the public from further crimes of the defendant. Id. The decision whether to modify a term of supervised release is a discretionary one, and Rule 32.1(b) of the Federal Rules of Criminal Procedure does not require a hearing, because the relief requested is "favorable to the person and does not extend the term of probation or of supervised release." Fed. R. Crim. P. 32.1(c)(2).

The undersigned spoke with Probation Officer Lieber regarding the Instant Motion. Probation supports Kalaba's request for early termination of supervised release. Probation advised

the undersigned that, since being placed on supervision, the defendant has complied with all of the standard and special conditions of his supervision. Officer Lieber advised that the defendant: provided probation with access to his financial records; has not accrued new credit or debt obligations (as confirmed by a recent credit check); paid his assessment; has not had any drug use violations; and has verified employment.  The defendant does not have a violent criminal history.  The government noted that the defendant was given an aggravated role as a manager/leader in the underlying case.  Notwithstanding this prior finding, Officer Lieber advised that the defendant has been compliant with his supervised release conditions and has shown stable community reintegration.  Probation further advised that they support early termination of supervised release in this matter given that Kalaba scores as being low-risk of recidivism and will, presumably, be transferred to an administrative case load (without direct supervision).

## CONCLUSION

Given probation's position, in this particular matter, the government does not oppose the defendant's motion for early termination of supervised release.


Respectfully submitted,

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

By:   /s Sarah J. Schall
      Sarah J. Schall
      Assistant United States Attorney
      Court No. A5501805
      500 S. Australian Avenue, Suite 400
      West Palm Beach, FL 33401
      Tel. No. (786) 360-9896
      Sarah.schall@usdoj.gov

## **CERTIFICATE OF SERVICE**

   I hereby certify that a true and correct copy of the foregoing was filed via CM/ECF on May 23, 2023.

                */s Sarah J. Schall*
                Sarah J. Schall
                Assistant United States Attorney